ROBERT A. MILLS, PLAINTIFF, *v.* DAVID M. HILDRETH, IMPLEADED, ETC., DEFENDANT.

*Arrest — proceedings for discharge from — papers to be filed — effect of not filing within three months.*

When proceedings are taken, in pursuance of the provisions of part 2, chapter 5, title 1, article 5, of the Revised Statutes, for the release of a person from liability to arrest for debt, unless the papers are filed in the proper clerk's office within the three months prescribed by statute, an execution against his person is rightfully issued. After the expiration of such three months and before the filing of the papers, if, on execution issued, his person is not found by the sheriff or surrendered by his bail, the bail are liable for a breach of the condition of their undertaking.

If the papers are not filed within three months, the discharge becomes operative only from the time of filing, and has no retrospective effect.

EXCEPTIONS ordered to be heard in the first instance at General Term, judgment in the mean time suspended.

The action was brought on an undertaking given by the defendants for the release from arrest in a civil action of one Henry Rodewald. The court directed a verdict for defendant.

*Thomas Bracken,* for the plaintiff. The discharge under the statute was, in any event, inoperative until the papers upon which the same was granted were filed and recorded by the clerk of the

city and county of New York. (3 R. S. [5th ed.], §§ 19, 27, art. 7, pt. 2, tit. 1, chap. 5; Sess. Laws, 1866, chap. 116; *Barnes* v. *Gill,* 13 Abb. Pr. [N. S.], 169.) The discharge not having been properly filed prior to the fixing of the liability of the defendants, the subsequent filing of same will not protect them. (*Barnes* v. *Gill,* 13 Abb. Pr. [N. S.], 169.) The defendants in an action against them as bail cannot avail themselves of the discharge of their principal under an insolvent law by answer, even if the discharge and the proceedings therefor had been all regular, the discharge in such a case being personal and its benefits confined to the insolvent. (3 Cai., 4; 12 Wend., 123; *Ellsworth* v. *Caldwell,* 18 Abb. Pr., 20; 27 How. Pr., 188.) The alleged discharge of Rodewald did not prevent the bail from surrendering their principal. (3 R. S. [5th ed.], §§ 19, 27, art. 7, pt. 2, tit. 1, chap. 5; Sess. Laws, 1866, chap. 116; *Barnes* v. *Gill,* 13 Abb. Pr. [N. S.], 169.) After the time for surrender has passed, bail cannot move to be exonerated on the ground that their principal is not liable to arrest. (*Stever* v. *Somberger,* 19 Wend., 121.)

*Geo. C. Genet,* for the defendant. The discharge is *prima facie* evidence of the facts recited, and no evidence to contradict any of them was offered. (*Stanton* v. *Ellis,* 12 N. Y., 578.) The amendment (chap. 116 of 1866) makes it incumbent on the person obtaining the same to file and record with the county clerk all the petitions, schedules, affidavits, inventories, orders and other papers on which this discharge was granted, within three months from the time of its being granted, under a penalty of the discharge being inoperative, after the three months, and remaining inoperative until the papers are duly filed and recorded. For three months after the granting this discharge it was valid and effectual as if the act of 1866 had not been passed; after that, the papers not having been filed and recorded, the discharge became inoperative and remained so until the 8th of October, 1874, before the trial of this cause, when the omission being discovered the papers were duly filed and recorded and once more became operative. During three months from the time of the discharge being granted, it was operative and effectual to discharge the insolvent debtor from imprisonment for the debt sought to be recovered in this suit.

During this time the bail could not arrest him nor surrender him to the sheriff. He was not liable to imprisonment, and his bail were discharged from all liability to surrender him to be imprisoned. The intent and effect of section 191 of the Code is to make the discharge of the debtor from liability to imprisonment for the debt equivalent in law to his death or imprisonment in the State prison, so far as the liability of the bail is concerned. In a recent case (*Cozine* v. *Walter*, 55 N. Y., 308) the Court of Appeals has decided that the surrender referred to in section 191 is not the surrender provided by section 188, but must be a surrender under 2 Revised Statutes, 380, sections 21, 22, which required an order for the commitment of the defendant to the custody of the sheriff in exoneration of the bail. The judgment debtor not having been surrendered then, within the meaning of section 191, the bail were not discharged. After the non-imprisonment act was adopted, and it was claimed bail were discharged when their principal was thereby discharged from his liability to imprisonment, the same as if he were dead, the court decided that an *exonoretur* was necessary to complete their discharge, because the exemption from imprisonment was a personal privilege which the principal might waive.

BRADY, J. :

The defendants are sued as sureties for Henry Rodewald, who was arrested and held to bail in action brought against him by the plaintiff herein. The undertaking was executed on the 17th of December, 1869. The judgment against Rodewald, their principal, was recovered on the 25th of October, 1872, and the executions against his property and person were issued, respectively, on the 7th of November, 1872, and 4th of December, 1872. The former was returned on the 27th of November, 1872, unsatisfied, "no personal or real property," and the latter on the 4th of February, 1873. He was not arrested, and he did not render himself amenable to the process thus issued against him. This action was commenced in March, 1873, and the defendant Hildreth appeared and answered. On or about the 29th of January, 1870, Rodewald presented his petition, under the provisions of part 2, chapter 5, title 1, article 5, of the Revised Statutes, praying that his person might

thereafter be exempt from arrest or imprisonment by reason of any debts arising from contracts theretofore made, and in all things to have the benefit of the statute referred to. Such proceedings were had thereupon, that, on the 6th day of May, 1870, he was discharged by Judge Loew, of the Court of Common Pleas of this city. The discharge thus obtained was set up in this action as a defense, and on the trial various objections were urged against its admission. In the view taken of this appeal, it will be necessary to consider, however, but one of them. It may be assumed for the purposes of this review, that the proceedings had before Judge Loew, were all regular, and the discharge granted by him valid therefore. The question which affects its vitality in this case, arises from the *laches* of the debtor, Rodewald, subsequent to the signing of his discharge. It was signed, as already stated, on the 6th of May, 1870, but the petition, affidavits, inventories etc., constituting the proceedings, were not filed until the 8th of October, 1874, which was more than a year after this action was commenced, and nearly two years after the execution was issued against his person. The act of the legislature, passed 9th of March, 1866 (Laws of 1866, chap. 116, p. 234), amendatory of the Revised Statutes, declares that these papers shall be filed and recorded by the clerk of the county in which the insolvent resided at the time of the presentation of his petition, and within three months from the granting of the discharge, or such discharge shall be thereafter inoperative until such papers shall be duly filed and recorded. When the execution therefore was issued against the person of Rodewald, there was no discharge to prevent his arrest, and such was his legal status when this action was commenced. He was amenable to the process against him, because the three months allowed by the statute had expired, and his discharge had ceased to have any existing power to shield him from arrest and imprisonment. It is not an answer to this proposition, that on filing the papers the discharge became operative, and, by retroactive effect, extended back to the time when the execution was issued. The statute does not so declare. It is that during the interval it shall be inoperative. The language is, " shall be thereafter inoperative until such papers shall be duly filed and recorded." The plaintiff had the right to arrest the debtor, therefore, when the execution was issued, and it

continued until long after his right of action accrued and was pre-
sented to this court. From the time of the filing only, it became
operative. This view of the statute is sustained by the case of
*Barnes* v. *Gill* (13 Abb. Pr. [N. S.], 169), in which an execution,
issued after a discharge from debts, and after the expiration of three
months, but before the filing of the papers, was held to be good, and
the debtor's property subject to seizure. A statute affecting rights
and liabilities should not be so construed as to act upon those
already existing. To give it that effect, it should in terms declare
an intention so to act. (Sedgwick on Statutory and Common Law,
195, and cases cited.) The case of *Dash* v. *Van Kleeck* (7 Johns.,
477), is analogous to this. The sheriff was sued for an escape, and
after issue joined the legislature passed an act declaring that a
return or recaption of the prisoner before action brought, should
be a good defense. The sheriff sought to avail himself of the
statute on the ground that it should be held to operate retrospect-
ively, but the court thought otherwise. Justices THOMPSON and
KENT, in their opinions, were very decided in the view that the
intention to give the retroactive effect to the statute should be
manifest by express words, because such laws "neither accord with
sound legislation nor the fundamental principles of the social
compact," and should not be considered as so intended, in the
absence of express words, " because it would be a violation of funda-
mental principles, which is never to be presumed." There is noth-
ing in the statute warranting the conclusion that during the interval
provided for, its provisions would apply if the papers were filed.
There are no express words thereto, and none from which it may
justly be presumed.

The statute under which Rodewald was relieved from liability to
arrest, is one for the benefit of debtors of his class, and by which a
remedy was taken away from the creditor, with a certain condition
annexed, namely : that the papers on which the procedure rested
should be filed within the time named, or the discharge would
become inoperative until the statutory requirement in this respect
was complied with. After the expiration of the three months pre-
scribed, the discharge ceases to possess, as already suggested, any
legal vitality, and so continues until the papers are filed. There is
no answer to this proposition. The right of the plaintiff to issue

the process against the debtor was perfect, and he was not forth-coming. He was neither found by the sheriff nor surrendered by his bail, and the condition of their undertaking was broken. It is suggested that the bail could not surrender him during the three months, and therefore that the statute of 1866 does not affect their rights acquired by the discharge; but the point thus taken cannot be sustained. The bail were bound to see to it, that their obligation should be observed in all its legal bearing. It was for them to ascertain that the debtor relieved them by his acts from responsibility, and for them only. It must be assumed that they knew of the debtor's duty to file the papers referred to or that his discharge would become inoperative, and that they must either move to have their undertaking discharged or surrender him, and in that way have themselves released from liability. The subject considered, however, is one between principal and bail, and not between creditor and bail. The discharge was not absolute, but conditional, and might have ceased entirely. The plaintiff's rights were certain and secured. The judgment for these reasons is wrong, and a new trial should be granted, with costs to abide the event.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed, and new trial granted, costs to abide event.